21-475-cr
*United States v. Brogdon*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand twenty-one.**

PRESENT: José A. Cabranes,
     Raymond J. Lohier, Jr.,
     Eunice C. Lee,
        *Circuit Judges.*

---

United States of America,

      *Appellee,*         21-475-cr

     v.

Conell Brogdon, AKA Nellz, AKA Snelz, AKA Midget, AKA Midge,

     *Defendant-Appellant,*

Solomon Artis, AKA Light, AKA Spaz, Leonard Barletto, AKA Boots, Courtney Coy, AKA Styles, Parris Desuze, AKA Ketchup, Andre Holman, AKA Dre, Derrick Bienaime, AKA Millz, AKA Ciroc Boss, Davon Brown, AKA Chico, Malik Campbell, AKA Indi, Stanley Cherenfant, AKA Banger, Steven Cherenfant, AKA Stevens Cherenfant, AKA Beans, Aikiam Floyd, AKA Ock, Brandon Greenidge, AKA B3, Cory Harris, AKA William Harris, AKA C, Jamar Harry, AKA Bricks 642, Jeffrey Joseph, Shawn Newland, AKA Hela

1

BANDZ, SILBERT NICHOLSON, AKA RICO, ZADEK
ORGIAS, AKA Z, CORDERO PASSLEY, AKA LOONEY,
GABRIEL PATTERSON, STEPHON RENE, AKA SHORTY,
AKA LIL BANGER, AKEEM WATSON, AKA MONKS,

        *Defendants.*

---

**FOR APPELLEE:**            ALLON LIFSHITZ, Assistant United States
                                       Attorney, *for* Jacquelyn M. Kasulis, Acting
                                       United States Attorney for the Eastern
                                       District of New York, Brooklyn, NY

**FOR DEFENDANT-APPELLANT:**        BENJAMIN GRUENSTEIN (Rebecca J.
                                         Schindel, Andrea M. Thompson, *on the
                                         brief)*, Cravath, Swaine & Moore LLP,
                                         New York, NY

        Appeal from an order and judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

        **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** to the District Court for it to clarify whether it relied on a disputed fact in sentencing.

        Conell Brogdon appeals from the District Court's order explaining why it declined to adjust his sentence downward pursuant to U.S.S.G. § 5G1.3(b)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

        The Government does not dispute that the order violated Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure by reciting a disputed fact concerning Brogdon's alleged obstruction of justice without "rul[ing] on the dispute or determin[ing] that a ruling [was] unnecessary." Fed. R. Crim. P. 32(i)(3)(B). Nor does the Government dispute that we should review for harmless error, under which the Government bears the burden of proof. *See United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014). Because the District Court tied Brogdon's alleged obstruction to his "continued disregard for the law," which made Brogdon "stand apart from his co-defendants" and in part "justif[ied] the [District] Court's decision to decline a downward adjustment," App'x 356, we cannot be "confident" that, if not for the error, "the court would have imposed the same sentence." *United States v. Seabrook*, 968 F.3d 224, 234 (2d Cir. 2020). We accordingly remand for the District Court to clarify whether it relied on Brogdon's alleged obstruction in deciding not to adjust his sentence

under U.S.S.G. § 5G1.3(b)(1).[1]  If it did, we direct the District Court to vacate Brogdon's sentence and rule on the dispute before relying on it in sentencing.  If it did not, then the District Court must make clear that a ruling on the dispute was unnecessary because "the matter [did] not affect sentencing."  Fed. R. Crim. P. 32(i)(3)(B).

For the foregoing reasons, we **REMAND** the cause to the District Court for it to clarify whether it relied on a disputed fact in sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Brogdon argues that the case should be reassigned to a different district court judge on remand.  We disagree.  *See United States v. Singh*, 877 F.3d 107, 122 (2d Cir. 2017) (noting that such requests are "rarely made and rarely granted" (citation omitted)).  There is no reason to think that Judge Kuntz would be unable to address the procedural deficiencies we have highlighted here, and we therefore decline to reassign the matter.